NOT DESIGNATED FOR PUBLICATION

No. 117,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RIKA L. EVANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed September 22, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  Rika L. Evans appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Evans' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.

On January 26, 2015, Evans pled guilty to one count of aggravated battery. On April 16, 2015, the district court sentenced Evans to 19 months' imprisonment and placed her on probation with community corrections for 18 months.

1

At a hearing on December 30, 2016, the district court found that Evans had violated her probation by: (1) failing to attend two mental health appointments; (2) driving without insurance; (3) committing auto embezzlement; and (4) committing larceny. After finding that Evans had committed new crimes and that public safety would be jeopardized by continued probation, the district court revoked Evans' probation and ordered her to serve her underlying prison sentence. Evans appeals from that order.

On appeal, Evans asserts that the district court's sanction was "overly-punitive." She argues that the offenses that resulted in her probation violation were not particularly egregious. According to Evans, her larceny was based on taking a set of keys without permission and returning them several days later. She claims that her embezzlement was the result of her continued use of her former boyfriend's car after he requested its return. The State argues that Evans has failed to present any compelling facts to support a finding that the district court abused its discretion in revoking Evans' probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions

2

before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

Here, as Evans acknowledges, the district court revoked her probation after finding that she committed new misdemeanor offenses while on probation. The district court also specifically found that the safety of the members of the public would be jeopardized unless the court revoked Evans' probation. We conclude that this finding is supported by the evidence that was presented to the district court. Specifically, Evans' former boyfriend had testified about threatening text messages Evans had sent him when she refused to return his car. The district court also noted that Evans was in criminal history category A and she originally had been granted a departure to probation. Based on the district court's public safety finding and the fact that Evans committed new misdemeanor offenses while she was on probation, the district court was not required to impose an intermediate sanction in this instance. The district court's decision to revoke Evans' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Evans' probation and ordering her to serve her underlying prison sentence.

Affirmed.

3